UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| THE 24-7 GROUP OF COMPANIES, INC.,<br><br>      Plaintiff,<br>vs.<br><br>TERRY ROBERTS, *et al.*,<br><br>      Defendants. | 3:13-cv-00211-MMD-WGC<br><br>**MINUTES OF PROCEEDINGS**<br><br>March 7, 2014 |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>  Katie Lynn Ogden  </u>   REPORTER: <u>           FTR           </u>

COUNSEL FOR PLAINTIFF: <u>  Rune Kraft, Pro Se (Telephonically) and Stephen Dokken, Esq.  </u>

<u>(Special Appearance obo: Rune Kraft) (Telephonically)                                          </u>

COUNSEL FOR DEFENDANT(S): <u>  Paul A. Matteoni, Esq. (obo: Wells Fargo Bank, N.A.)  </u>

<u>(Telephonically)                                                                                          </u>

SPECIAL APPEARANCE: <u>  Del L. Hardy, Esq (Telephonically)                          </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

     The court briefly reviews the background of the present motion. The court granted attorneys Del Hardy, Esq, Stephanie Rice, Esq., and Hardy Law Group's ("Hardy Law Group") motion to withdraw as counsel of record for plaintiff, The 24-7 Group of Companies, Inc. (Doc. # 23).[1] Soon thereafter, Rune Kraft, Chairman for The 24-7 Group of Companies, Inc., filed a Request to Vacate (Doc. # 25). The court interprets Mr. Kraft's motion as a motion for reconsideration of the court's order (Doc. # 23) granting Hardy Law Group's motion to withdraw as counsel of record for plaintiff. This hearing will address whether the court should reverse its decision to allow Del Hardy, Esq, Stephanie Rice, Esq., and Hardy Law Group to withdraw as counsel of record for plaintiff.

     The court notes that attorney Stephen Dokken's and Rune Kraft's appearances today are under unique circumstances. Mr. Kraft, as chairman of The 24-7 Group of Companies, Inc.,

---

[1] Defendant Wells Fargo Bank, N.A. filed a non-opposition to Hardy Law Group's motion to withdraw as counsel of record (Doc. # 22).

MINUTES OF PROCEEDINGS
3:13-cv-00211-MMD-WGC
Date: March 7, 2014
Page 2

purports to appear on behalf of the corporation, The 24-7 Group of Companies, Inc.  However, as noted in court order Doc. # 23, case law requires corporations to appear in federal court only through a licensed attorney.  *United States v. High Country Broad Co.*, 3 F.3d 1244, 1235 (9th Cit. 1993); *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1944) (per curiam).  Thus, there is a question whether Mr. Kraft may even make the motion for reconsideration or present argument in the corporation's behalf.   However, the court will allow a discussion of the reconsideration issue to proceed.

Mr. Dokken explains he has been Mr. Kraft's personal attorney for many years and his appearance today is intended to only assist Mr. Kraft while he secures counsel for his corporation.  He is not representing the company and will not be entering an appearance in this case.

Mr. Kraft expresses his interest in conducting today's hearing with only parties relevant to the motion (e.g. the Hardy Law Group and Mr. Kraft), to the exclusion of other parties or their counsel.  The court, however, is reluctant at this stage to intervene with any discussion that may involve attorney/client communications and suggests the parties have such a discussion outside the presence of the court.  The court also suggests that such a discussion is irrelevant under the Nevada Supreme Court rules regarding withdrawal in the face of counsel's fundamental disagreement with a client about certain actions to be taken in the case.

Given the unique circumstances of this case in its current status, the court hears brief competing statements from Mr. Kraft and Mr. Hardy regarding Hardy Law Group's position to withdraw from this matter.

After hearing presentations by Mr. Kraft and Mr. Hardy, and in review of the submission of The Hardy Law Group regarding its request to withdraw, the court maintains its previously-expressed position that the Hardy Law Group has sufficiently identified grounds to withdraw as counsel in this matter.  As provided by the Nevada Rules of Professional Conduct, a lawyer *shall* withdraw if representing a client involves a fundamental disagreement as to how the case should be prosecuted.   While the court recognizes Mr.Kraft takes exception with the representation of the Hardy Law Group that it (counsel) has a "fundamental disagreement" as to action to be taken in this case, the court believes that counsel has identified legitimate grounds for withdrawal and that the court should not impose upon the law firm the representation of a client with whom it has such a disagreement.

Therefore, Mr. Kraft's Request to Vacate (Doc. # 25) is **DENIED**.

The court notes that, any party properly represented, has the ability to file objections to the Magistrate Judge's order within fourteen (14) days from when the order is entered.  The court

**MINUTES OF PROCEEDINGS**
3:13-cv-00211-MMD-WGC
Date: March 7, 2014
Page 3

reiterates its admonition that proper representation via admitted counsel of The 24-7 Group of Companies, Inc. is required pursuant to 9th Circuit Court decisions.

 Mr. Kraft makes an oral request that the court defer its ruling on this matter until the court receives a sworn declaration from Stephanie Rice, Esq. and to allow Mr. Kraft to submit additional information.  The court advises Mr. Kraft that pursuant to Fed. R. Civ. Prod. 11, with respect to the present motion,  it is not necessary to swear in witnesses as the court assumes that the representations made today and in the pleadings are assumed by the court to be accurate and truthful.  In that regard, Mr. Hardy has represented that irreconcilable differences exist between him and his law firm and the Plaintiff.  Consequently, the court should not require Mr. Hardy or members of his law firm to resume representation of its former client with whom it has such disagreement.  It is sufficient that the law firm and its members believe that there are fundamental disagreements between the law firm and client.

 Therefore, Mr. Kraft's oral request to defer ruling is **DENIED**.

 Plaintiff, The 24-7 Group of Companies, Inc., shall procure replacement counsel **not later than thirty (30) days from today's date**.

**IT IS SO ORDERED.**

2:02 p.m.  Court adjourns.

                LANCE S. WILSON, CLERK

                By: _____/s/_____
                   Katie Lynn Ogden, Deputy Clerk