UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE 24-7 GROUP OF COMPANIES, INC., a Nevada corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>TERRY ROBERTS, an individual; MELANIE ROBERTS, an individual; and WELLS FARGO BANK, N.A., etc.,<br><br>        Defendants. | 3:13-cv-00211-MMD-WGC<br><br>**ORDER DENYING DEMAND TO VOID MOTION AND RELATED ORDER DUE TO FRAUD UPON THE COURT**<br><br>**(re: Doc. # 40)** |

      Before the court is the Demand to Void Motion and Related Order Due to Fraud Upon the Court filed by Plaintiff, The 24-7 Group of Companies, Inc. ("24-7"). (Doc. # 40.)[1] This motion arises from a motion to withdraw as counsel of record filed by Plaintiff's former attorney Phillip M. Stone, Esq. (Doc. # 36.) The court will review the history of this motion, commencing with a predecessor motion to withdraw.

      On February 20, 2014, then counsel of record Del Hardy, Esq., and Stephanie Rice, Esq., made a motion to withdraw further representation of Plaintiff 24-7. (Doc. # 21.) In that motion, attorneys Hardy and Rice represented to the court that they had a "fundamental disagreement" with actions 24-7's chairman Rune Kraft insisted the lawfirm undertake. (*Id.* at 6, ¶ 3.) Counsel represented that the relationship between Plaintiff and the lawfirm "has deteriorated to the point where counsel can no longer represent Plaintiff effectively and adequately." (Id at 6, ¶ 6.) Counsel referenced Rule 1.16 of the Nevada Rules of Professional Conduct which states an attorney "shall withdraw from the representation of a client if * * * (4) A client insists upon taking actions that the lawyer considers repugnant or with which the lawyer has fundamental disagreement... ."

---

[1] Refers to court's docket number.

1  The motion of the Hardy law group was granted (Doc. # 23) and Plaintiff 24-7 was directed to secure replacement counsel. Thereafter, Plaintiff 24-7 filed a "request to vacate" the court's decision. The court scheduled a hearing to address 24-7's request to vacate. (Doc. # 26.) The court commenced the hearing with a discussion of Ninth Circuit authority which requires a corporation to appear in federal court only through a licensed attorney. *United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1944) (per curiam).  The court also allowed participation by attorney Stephen Dokken who stated he was not representing the corporation but that he was only participating to assist Mr. Kraft because he (attorney Dokken) has been Mr. Kraft's personal attorney for many years.

The court heard competing statements from Mr. Kraft and Mr. Hardy regarding the Hardy Law Group's submission to the court that there is a fundamental disagreement between the law firm and the corporation as how the case should be prosecuted.  While the court recognized that Mr Kraft took exception with the assertion that there was a fundamental disagreement between 24-7 and the Hardy Law Group, the court expressed its opinion that counsel identified legitimate grounds for withdrawal and that the court "should not impose upon the lawfirm the representation of a client with whom it has such a disagreement. (Doc. # 30 at 2.)

The 23-7 request to vacate was denied and the parties were advised of the authority to file objections to the magistrate judge's order within fourteen days. (Doc. # 30.) No objection was filed. The court ordered 24-7 to procure replacement counsel not later than 30 days thereafter. (*Id.*, 30 at 3.) The court granted 24-7's request for an extension of time (Doc. # 32) and afforded it until May 9, 2014, to retain replacement counsel. (Doc. # 33.)

On May 9, 2014, attorney Phillip M. Stone entered an appearance on behalf of 24-7. (Doc. # 35.) Thereafter Mr. Stone filed a motion for leave to withdraw as counsel of record, stating that "a situation has arisen between the 24-7 Group's representative, Rune Kraft, and Mr. Stone which has rendered continued representation of the 24-7 Group by Mr. Stone unreasonably difficult." Mr. Stone further advised the court that "the attorney-client relationship has deteriorated and Mr. Stone can no longer effectively and adequately represent the 24-7 Group in the above entitled action."  (Doc. # 36 at 3.) Mr. Stone informed the court that, pursuant to the engagement agreement, he notified the 24-7 Group

2

1  in writing that he had "no alternative but to withdraw from representing the 24-7 Group in this matter."
2  Mr. Stone indicated he (attorney Stone) has not been informed whether new counsel had been retained
3  by 24-7 as of the date of the motion to withdraw filed by attorney Stone. (*Id*.)

4  On July 15, 2014, with no opposition having been filed, the court found good cause to grant the
5  motion to withdraw of attorney Stone and entered an order to that effect. The court also directed 24-7
6  to secure replacement counsel as a corporation may only appear in federal court through a licensed
7  attorney. *High Country Broad. Co.* and *In re America W. Airlines*, *supra*. (Doc. # 37.)

8  On August 20, 2014, the court received a "request to vacate" by 24-7. (Doc. # 38.) 24-7's
9  chairman, Rune Kraft, stated that although he received a letter from attorney Stone advising the Stone
10 motion to withdraw had been granted, neither the order or the underlying motion was ever received by
11 the company. (*Id*, at 5.) The request to vacate did not address the substantive issue of whether attorney
12 Stone should be allowed to withdraw, i.e., whether Mr. Kraft had "repeatedly taken actions with had
13 rendered continued representation unreasonably difficult" or that as Mr. Stone represented in the motion,
14 he "can no longer effectively and adequately represent The 24-7 Group in the above entitled action."
15 (Doc. # 36 at 3, 5.)

16 Addressing 24-7's request to vacate, the court noted that attorney Stone's motion contained a
17 certificate of service which included Kraft and 24-7 as addressees. However, even if the motion had not
18 been received, the court advised in its order denying the request to vacate, that it the court is not inclined
19 to vacate the decision allowing Mr. Stone to withdraw. The clerk was nevertheless directed to mail a
20 copy of the court's order (Doc. # 39), counsel's motion (Doc. # 36) and the court's order granting the
21 motion to withdraw (Doc. # 37) to Kraft/24-7.

22 Although the court's order allowing attorney Stone to withdraw directed 24-7 to procure
23 replacement counsel within thirty days of the date of that order, the court advised it would conduct a
24 show cause hearing on September 5, 2014, to consider whether a report and recommendation should be
25 entered recommending dismissal of the action for failure of the corporation to obtain substitute counsel.
26 (Doc. # 39 at 2.)

27 Thereafter, Mr. Kraft on behalf of 24-7 filed a "Demand" to void the underlying motion to
28 withdraw as purportedly representing "a product of fraud upon the court." (Doc. # 40 at 2.) Plaintiff 24-7

again asserted it had not received the motion to withdraw. However, the 24-7 Demand (Doc. # 40), like the Request to Vacate (Doc. # 38), contained no substantive discussion of the grounds asserted by attorney Stone as to whether the attorney client relationship deteriorated where Mr. Stone could no longer represent the company.

The court conducted the show cause hearing on September 5, 2014. Mr. Kraft appeared on behalf of the corporation at the show cause hearing and reiterated his demand that the court vacate its order allowing attorney Stone to withdraw.[2] However, Mr. Kraft again failed to address any substantive response to Mr. Stone's representation that the representation has deteriorated and he could no longer effectively and adequately represent 24-7.

As noted above, Rule 1.16 of the Nevada Rules of Professional Conduct state that a lawyer may withdraw from representing a client if a client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement. Rule 1.16(b)(4). The court advised Mr. Kraft at the hearing that he and 24-7 had at least one, if not two, opportunities to rebut the assertion that the Stone/24-7 attorney-client relationship had deteriorated. Instead, Kraft continued to argue that the purported failure to serve the motion to withdraw upon the company should void the action by the court. The court disagreed and opined that it would be inappropriate for the court to compel an attorney to continue representation of an apparently adverse client where the withdrawal would neither cause an undue delay in the proceedings or prejudice the client. The court denied Plaintiff 24-7's demand to void motion. (Doc. # 40.)

The court extended the time until September 30, 2014, for 24-7 to secure legal representation to further represent its interests in this matter. The parties were advised of their right to file objections to the Magistrate Judge's Order in this respect.

IT IS SO ORDERED.

DATED: September 10, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Mr. Kraft is not an attorney, the court allowed Mr. Kraft, who represents he is 24-7's "chairman," to speak on behalf of the company.

4