# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THE 24-7 GROUP OF COMPANIES, INC., a Nevada corporation,

    Plaintiff,

vs.

TERRY ROBERTS, an individual; MELANIE ROBERTS, an individual; and WELLS FARGO BANK, N.A., etc.,

    Defendants.

3:13-cv-00211-MMD-WGC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) IB 1-4.

    Before the court is the failure of The 24-7 GROUP OF COMPANIES, INC. (24-7) to secure successor counsel to represent plaintiff, a corporate entity in this matter. After a thorough review, the court recommends that the action of 24-7 be dismissed by reason of Plaintiff's failure, a corporate entity, to obtain counsel to represent its interests in this matter.

## I. BACKGROUND

    24-7 commenced the litigation in the Second Judicial District Court of the State of Nevada in and for the County of Washoe. 24-7 was represented by attorneys Del Hardy, Esq., and Stephanie Rice, Esq., on behalf of the Hardy Law Group. Wells Fargo removed the action to this court on the basis of diversity jurisdiction. (Doc. # 1.)[1] The amended complaint alleged that plaintiff 24-7 is a Nevada corporation and operates an auto parts distribution business. 24-7 averred that it hired defendant Terry Roberts as an independent contractor but not as an employee and one who did not have authority to

---

[1] Refers to court's docket number.

execute documents on behalf of the company. 24-7 alleges that despite this limitation of authority, Terry Roberts with the participation of his wife Melanie Roberts allegedly executed documents on behalf of 24-7 without authorization, including opening a bank account with defendant Wells Fargo Bank, N.A. (Wells Fargo). The amended complaint alleged claims for intentional interference with respect to economic advantage, constructive fraud and constructive trust against the individual (Roberts) defendants. The fourth claim for relief targeted Wells Fargo only and asserted a claim of negligence and violation of Nev. Rev. Stat. § 104.3405.

Wells Fargo filed a motion to dismiss the fourth cause of action, which was joined in by the Roberts defendants. (Docs. ## 10, 16.) District Judge Miranda M. Du granted in part and denied in part Wells Fargo's motion to dismiss, terminating the statutory claim (Nev. Rev. Stat. § 104.3405) but allowing the common law negligence claim to proceed. Plaintiff was granted leave to amend within 14 days of that order. (Doc. # 17 at 11.) A second amended complaint was filed on January 27, 2014. (Doc. # 18.) Wells Fargo answered the second amended complaint on February 13, 2014. (Doc. # 20.)[2]

On February 20, 2014, the Hardy Law Group and its attorneys Del Hardy and Stephanie Rice filed a motion seeking leave of court to withdraw as counsel of record for plaintiff 24-7. (Doc. # 21.) The law firm represented that

> [A] situation has arisen whereby the client and representative of plaintiff herein, RUNE KRAFT, continues to insist that HARDY LAW GROUP take action upon which that undersigned counsel has a fundamental disagreement with. See, NV ST RPC Rule 1.16(b)(1). At this juncture, the client has rendered continued representation unreasonably difficult and the undersigned has explained such matters to the client on multiple occasions without change. See, NV ST Rule 1.16(b)(6)."

(*Id*.)

The Hardy Law Group submitted that in view of the foregoing, "[i]t has become clear that the relationship between the Plaintiff THE 24-7 GROUP OF COMPANIES's representative RUNE KRAFT and HARDY LAW GROUP has deteriorated to the point where the undersigned attorneys can no longer effectively and adequately represent Plaintiff." Counsel further represented that it explained the withdrawal situation to plaintiff and notice of "counsel's intentions and need to withdraw." (*Id*. at 3-4.)

The court granted the Hardy Law Firm's motion to withdraw as counsel, directing plaintiff 24-7

---

[2] It does not appear that the Roberts defendants have answered the second amended complaint.

to procure replacement counsel not later than 30 days from the date of the order. (Doc. # 23.) In the same order, the court advised the corporate plaintiff, i.e., 24-7, that:

> ...a corporation may appear in federal court only through a licensed attorney. *United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1944) (per curiam). Therefore, Plaintiff, The 24-7 Group of Companies, Inc., shall procure replacement counsel **not later than thirty (30) days from the date of this order.** Plaintiff is advised that the unexplained failure to obtain substitute counsel will cause this court to *sua sponte* issue a Report and Recommendation to the District Court that this action should be dismissed.

(*Id.*; emphasis in the original.)

24-7, through its "chairman" Rune Kraft, thereafter filed a request to the court to vacate its decision allowing the Hardy Law Group to withdraw. (Doc. #25.) A telephonic hearing was set in the matter to address 25-7's request to vacate the decision. (Doc. # 26.)[3]

24-7's corporate representative (Kraft) was allowed to participate at the March 7, 2014 hearing, as was Mr. Kraft's personal counsel, Stephen Dokken, who emphasized he was not appearing as counsel for the corporation but only as Mr. Kraft's personal counsel to assist him (Kraft) "while he secures counsel for his corporation. [Mr. Dokken] is not representing the company and will not be entering an appearance in this case." (Doc. # 30 at 1-2.) Substantively, Mr. Kraft contended that there was no conflict between the corporation's interests and those services provided by the Hardy Law Group. The court also received a contrary statement from Mr. Hardy reaffirming his position on the conflict of interest. (Doc. # 30 at 2.) The court declined to withdraw its order allowing the Hardy Law Group to withdraw. 24-7 was directed to procure replacement counsel not later than 30 days from the date of the order, March 7, 2014. (*Id*. at 3.)

The court further advised Mr. Kraft and Mr. Hardy of their ability to file objections to the court's ruling re-confirming its decision to allow the Hard Group to withdraw. No objection was filed. Instead, on April 8, 2014, the court granted the motion of 24-7 to have additional time, up to and including May 9, 2014, to retain replacement counsel. (Doc. # 33.) Thereafter, on May 9, 2014, attorney Phillip

---

[3] On March 3, 2013, the order (Doc. #23) which was sent to 24-7 at 7527 East First, Scottsdale, AZ 85251, was returned as undeliverable. (Doc. # 27.) On March 10, 2013, Doc. # 25 and Doc. # 26 were also returned as undeliverable. (Doc. ## 28, 29.) However, the court clerk corrected the mailing address for 24-7 to 7527 East First <u>Street</u> and the documents were resent to 24-7 on March 13, 2014. (Doc. # 31.) No subsequent mailings to 24-7 at the East First <u>Street</u> address have been returned as undeliverable. The correct street address was confirmed with Mr. Kraft at the 4/7/14 hearing. (Doc. # 30; Transcript, Doc. # 34 at 14-15.)

M. Stone entered an appearance on behalf of plaintiff 24-7. (Doc. # 35.)

Just a few weeks later, however, attorney Stone, as did his predecessors, filed a motion for leave to withdraw as counsel of record, advising the court an irreconcilable conflict existed between him (Stone) and his client. (Doc. # 36.) Attorney Stone represented to the court in the motion to withdraw that:

> In this instance, a situation has arisen between The 24-7 Group's representative, Rune Kraft, and Mr. Stone which has rendered continued representation of The 24-7 Group by Mr. Stone unreasonably difficult. As set forth in the following Affidavit, Mr. Stone has repeatedly explained such matters to Mr Kraft without change to the point where the attorney-client relationship has deteriorated and Mr. Stone can no longer effectively and adequately represent The 24-7 Group in the above-entitled action.

(*Id*. at 3.)

Mr. Stone stated that pursuant to his firm's engagement agreement with 24-7, he notified the corporation in writing "that Mr. Stone had no alternative but to withdraw from representing The 24-7 Group in this matter." (*Id*.) No response to the June 24, 2014 motion to withdraw was received from 24-7 and Mr. Stone's motion was granted on July 15, 2014. (Doc. # 37.) This order contained the same language as did the order of February 21, 2014, regarding the necessity for 24-7 to proceed with representation by counsel. (Doc. # 24):

> [A] corporation may appear in federal court only through a licensed attorney. *United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1944) (per curiam). Therefore, Plaintiff, The 24-7 Group of Companies, Inc., shall procure replacement counsel **not later than thirty (30) days from the date of this order.** Plaintiff is advised that the unexplained failure to obtain substitute counsel will cause this court to *sua sponte* issue a Report and Recommendation to the District Court that this action should be dismissed.

(Doc. # 37; emphasis in the original.)

On August 20, 2014, 24-7, through its purported chairman Rune Kraft, filed a request to vacate the court's decision allowing attorney Stone to withdraw. (Doc. # 38.) Mr. Kraft contended that he had "never received anything from Mr. Stone or this court related to the referenced motion...[and] requested that any order the court has entered related to any such motion be vacated as it is a product of fraud upon the court." (*Id.* at 1, 5.) In his declaration which accompanied the motion, Mr. Kraft contended that his only notice of the motion to withdraw was a letter he received from attorney Stone on August 18, 2014.

(*Id.* at 5, 7 (Ex. A).)[4]

Thereafter, on August 21, 2014, this court entered its order denying 24-7s' motion to vacate. (Doc. # 39.) The order directed the clerk to resend a copy of attorney Stone's motion (Doc. # 37) and the order granting the motion (Doc. # 38), as well as the present order (Doc. # 39), to Mr. Kraft/24-7. The order further scheduled a telephonic hearing for September 5, 2014 requiring Plaintiff The 24-7 Group of Companies to show cause why a Report and Recommendation should not be entered recommending dismissal of its action by reason of 24-7's failure to obtain substitute counsel. (*Id*. at 2.)[5]

On August 29, 2014, 24-7 filed its "Demand to Void Motion and Related Order Due to Fraud Upon the Court." (Doc. # 40.) Plaintiff 24-7 again asserted it had not received the motion to withdraw and contended the minute order dated July 15, 2014 (Doc. # 37) was not received until August 25, 2014. (Doc. # 40 at 2.) The 24-7 Demand (Doc. # 40), like the Request to Vacate (Doc. # 38), contained no substantive discussion of the grounds asserted by attorney Stone as to whether the attorney client relationship deteriorated where Mr. Stone could no longer represent the company.

There is still no evidence before the court which contradicts Mr. Stone's assertion of the deterioration and ending of the attorney-client relationship. However, even if Mr. Kraft and/or 24-7 had contended there had been no breakdown of the attorney-client relationship, the court felt compelled to allow Mr. Stone to withdraw in view of his representations. (Doc. # 36.) The ethical rule dealing with an attorney's withdrawal or termination is Rule 1.16 of the Nevada Rules of Professional Conduct, which provides in relevant part:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>     (1) The representation will result in violation of the Rules of Professional Conduct or other law;
>     * * *
> (b) Except as stated in paragraph (c), a lawyer may withdraws from representing a client if:

---

[4] Mr. Stone's August 8, 2014 letter states it was enclosing a copy of the court order (Doc. #37) and his firm's trust check returning the unused portion of the retainer received from 24-7. (Doc # 38 at 7.) Although Mr. Kraft did receive the letter, he disputes that the enclosures of the order and check accompanied the letter.

[5] The court's order of July 15, 2014 (Doc. # 37) provided 24-7 a deadline of 30 days to secure replacement counsel for the corporate entity. However, in light of Mr Kraft's request to vacate (Doc. # 38), that deadline was again suspended. The August 21, 2014, order basically once again provided 24-7 an extension of time to September 5, 2014, to secure replacement counsel.

5

(1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
(2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
* * *
(4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement; * * *

Because Mr. Stone asserted 24-7 was directing counsel to take action with which Mr. Stone disagreed, it would have been inappropriate for the court to require him to remain as counsel.

The court conducted the show cause hearing on September 5, 2014. Mr. Kraft appeared telephonically on behalf of the corporation at the show cause hearing and reiterated his demand that the court vacate its order allowing attorney Stone to withdraw.[6] 24-7's demand to vacate was denied. (Doc. ## 40, 41, 42.) However, 24-7 was allowed one final opportunity to obtain substitute counsel "not later than **Tuesday, September 30, 2014.**" (Doc. # 42 at 2; bold in the original; see also Doc. # 41 at 4.) This actually constitutes the third extension of time the court afforded 24-7 to secure replacement counsel after the departure of Mr. Stone.

Rather than procuring substitute counsel, Mr. Kraft filed another document stating he had not received any orders of the court "related to the hearing that took place on September 5, 2014." Kraft asked for "adequate time to study and respond to any orders." (Doc. # 43 at 1.)

At the September 5, 2014, hearing Mr. Kraft, 24-7's representative, was specifically advised by the court the company's "Demand to Void Motion and Related Order" was denied. As discussed above, Mr. Kraft/24-7 was afforded one final opportunity to obtain replacement counsel and was given until September 30, 2014, to do so. (Doc. # 42 at 2.)[7] As of the date of this Report and Recommendation (October 6, 2014), no counsel has appeared on behalf of the corporate plaintiff The 24-7 Group of Companies, Inc. In view of the number of times the court has explained orally and in writing that corporate representation by counsel is required in federal court, there does not appear to be any good cause to allow Mr. Kraft additional "adequate time" to "study" the court's orders.

---

[6] Although Mr. Kraft is not an attorney, the court again allowed Mr. Kraft, who represents he is 24-7's "chairman," to speak on behalf of the company.

[7] Both the court's order and minutes of proceedings advised 24-7 of the right to file objections to the court's order. (Doc. ## 41, 42.) No objections were filed.

## II. LEGAL STANDARD

24-7 was advised on numerous occasions that a corporation may only appear in federal court when represented by counsel. See, e.g., Docs. ## 23, 37, 39, 41 and 42. The law is clear in the Ninth Circuit to that effect. As the Court of Appeals held in *U.S. High Country Broadcasting Co., Inc.*, 3 F.2d 1244 (9th Cir. 1993), "[a] corporation may appear in federal court only through licensed counsel," citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721, 121 L.Ed 2d 656 (1993) and 28 U.S.C. § 1654.

The language of the Ninth Circuit's decision in the *America West Airlines* case is also unequivocal:

> Corporations and other unincorporated associations must appear in court through an attorney. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987); *Church of the New Testament v. United States*, 783 F.2d 771, 77-74 (9th Cir. 1986); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309-10 (2d Cir. 1991) (partnership not allowed to be represented by non-attorney partner).
>
> In *United States v. Reeves*, however, we allowed a non-attorney partner to represent his interest in a partnership pursuant to Alaskan partnership statute. 431 F.2d 1187.1188 (9th Cir. 1970). The Supreme Court in *Rowland v. California Men's Colony* recently criticized our holding in *Reeves* and observed that "save in a few aberrant cases [including *Reeves*], the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own case personally or by counsel,' does not allow corporations, *partnerships*, or associations to appear in federal court otherwise than through a licensed attorney." 606 U.S. 194 ---, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993). (footnote omitted; emphasis in the original).

*In re America West Airlines*, 40 F.2d 1058, 1059 (9th Cir. 1944).

There can be no dispute that a corporate entity may proceed in federal court only when represented by licensed counsel. A corporation simply may not proceed pro se.

///
///
///
///
///
///
///
///

### III. CONCLUSION

The 24-7 Group of Companies, Inc., has repeatedly been advised of its obligation to prosecute its action through licensed counsel. This court recommends plaintiff's action be dismissed without prejudice by reason of 24-7's failure to obtain representation of counsel.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: October 6, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE