UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE 24-7 GROUP OF COMPANIES, INC. a Nevada corporation,<br><br>                  Plaintiff,<br><br>  v.<br><br>TERRY ROBERTS, an individual; MELANIE ROBERTS, an individual; and WELLS FARGO BANK, N.A., etc.,<br><br>                  Defendant. | Case No. 3:13-cv-00211-MMD-WGC<br><br>ORDER |

On November 21, 2014, the Court accepted and adopted in full the Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R") recommending this action be dismissed without prejudice due to the failure of Plaintiff The 24-7 Group of Companies, Inc. ("24-7") to secure successor counsel in this matter. (Dkt. no. 46.) Plaintiff's chairman, Rune Kraft, now brings a Motion for Reconsideration ("Motion"), asking the Court to reconsider its decision and allow Plaintiff until January 31, 2015, to retain counsel. (Dkt. no. 48.) The Motion is denied.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon

which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

The Motion fails to set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure*, 256 F. Supp. 2d at 1183. In the Motion, Mr. Kraft argues that the Court should allow Plaintiff until January 31, 2015, to secure counsel as it is only a delay of two (2) months, after forty-five (45) months of legal proceedings in this case. In its order granting the R&R, the Court noted that Plaintiff received the order granting counsel's motion to withdraw on August 25, 2014. (Dkt. no. 46 at 2-3.) Mr. Kraft appeared telephonically at a hearing on September 5, 2014, and he was informed that Plaintiff must secure counsel by September 30, 2014. (Dkt. no. 46 at 3.) Plaintiff has yet to retain counsel. In a previous objection, Mr. Kraft asked for ninety (90) days to raise issues with his counsel to the State Bar of Nevada and, if that does not resolve his issues with counsel, secure new counsel. (Dkt. no. 45 at 4.) The Court found that a stay of proceedings for Mr. Kraft to make a complaint to the State Bar of Nevada was not warranted. (Dkt. no. 46 at 6.) While Mr. Kraft may have a busy schedule, he has been on notice since at least August 25, 2014, that his counsel withdrew and that Plaintiff needed to secure new counsel. Since then, Mr. Kraft appeared for a telephonic hearing on September 5, 2014, filed an objection on October 17, 2014, and filed the instant Motion on December 5, 2014, all the while failing to secure counsel as required and ordered.

The Motion does not raise any new facts or evidence, show clear error or manifest injustice in the Court's order granting the R&R, or demonstrate an intervening change in law. Reconsideration is therefore denied.

It is therefore ordered that the Motion for Reconsideration (dkt. no. 48) is denied.

DATED THIS 8th day of December 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2